50 CCPA
### Application of MILLER INTERNATIONAL CO.
### Patent Appeal No. 6860.

United States Court of Customs and Patent Appeals.

Feb. 13, 1963.

Worley, Chief Judge, dissented.

Caesar & Revise, A. D. Caesar, Philadelphia, Pa. (Alan H. Bernstein, Philadelphia, Pa., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for Comr. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

820

SMITH, Judge.

Appellant seeks registration of its trademark for phonograph records. Use since April 1958 is alleged. This mark as shown in the drawing of the application[1] is as follows:

Applicant has disclaimed any right to the words "STEREO-FIDELITY" apart from the mark as shown. As can be seen, the remaining portions consist of two stylized speakers with a line representing a stylized sound wave between them and an arbitrary hyperbola which gives vertical dimension to the design.

In affirming the decision of the examiner refusing registration, the Trademark Trial and Appeal Board, (130 US PQ 369), stated:

"Registration has been refused on the ground that the mark is dominated by the merely descriptive word feature thereof, and that the mark is therefore incapable of distinguishing applicant's goods in commerce.

\* \* \* \* \* \*

"On the record presented, it is concluded that the design feature of applicant's composite mark serves only as background material for the dominant descriptive wording "STEREO-FIDELITY", and that the disclaimer of such wording cannot, therefore, overcome the provision of Section 2(e) of the Statute which prohibits the registration of a merely descriptive mark. See:

Radiator Specialty Company v. Sure-Rite Products Company, 89 USPQ 430 (Comr., 1951) and cases cited therein."

Registration was denied under section 2(e) of the Lanham Act (15 U.S.C. § 1052(e)) which reads:

"§ 2. Trademarks registrable on the principal register; \* \* \*

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \* \*

(e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive or deceptively misdescriptive of them, \* \* \*."

Section 45 of the Lanham Act, (15 U.S.C. § 1127), states in part:

" \* \* \* The term 'Trade-mark' includes any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those

1. Ser. No. 56,565, filed Aug. 4, 1958.

manufactured or sold by others.
* * * "

The only question here is whether the composite mark *as a whole* is a trademark capable of identifying applicant's goods and distinguishing them from the goods of others.

■■ It is noted that the only statutory test of what constitutes a trademark is whether the word, name, symbol, or device or *any combination* thereof which makes up the trademark *identifies* the goods to which it is applied and *distinguishes* such goods from those manufactured and sold by others. Pictorial symbols and devices, such as those present in the mark in issue, can and do function as trademarks and are entitled to be registered if they otherwise meet the terms and conditions of the Lanham Act. See In re Kotzin, 47 CCPA 852, 276 F.2d 411.

■ Inspection of the composite mark here in issue shows that the words "STEREO-FIDELITY" are an integral part of it. Thus, except by close inspection and careful dissection, it is not possible to separate the words from the whole mark as a separately identifiable entity. We do not agree with the Trademark Trial and Appeal Board that such a composite mark "is dominated by the merely descriptive word feature thereof". We think the mark as a whole is, in fact, capable of identifying and distinguishing appellant's goods from those manufactured or sold by others.

■ Our attention has been directed to numerous prior decisions which are urged upon us as supporting the decision of the Trademark Trial and Appeal Board. We have carefully considered these cases but as we have had occasion to observe many times in the past, prior decisions in trademark cases are of little help in deciding cases involving different marks and different facts. Each case must be decided on its own facts and issues. Jerry Finn v. Cooper's Incorporated, 292 F.2d 555, 48 CCPA 1132.

The decision of the Trademark Trial and Appeal Board is therefore reversed.

Reversed.

WORLEY, Chief Judge (dissenting).

I am unable to find any reversible error in the board's reasoning or conclusion.[1] I would, therefore, affirm.